UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARIA HERNANDEZ ARCAY       :
                            :
        v.                  :   C.A. No. 16-186S
                            :
NANCY A. BERRYHILL, Acting  :
Commissioner of the Social Security :
Administration              :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on April 22, 2016 seeking to reverse the decision of the Commissioner. On March 29, 2017, Plaintiff filed a Motion to Reverse, Without or, Alternatively, With a Remand for a Rehearing of the Commissioner's Final Decision. (Document No. 11). On April 28, 2017, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (Document No. 12). On June 2, 2017, Plaintiff filed a Reply Brief. (Document No. 14).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion for Reversal (Document No. 11) be GRANTED and that the Commissioner's Motion to Affirm (Document No. 12) be DENIED.

I.      **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB on May 7, 2012 (Tr. 217-218) and SSI on August 13, 2012 (Tr. 219-227) alleging disability since January 1, 2007. Both applications were denied initially on October 22, 2013 and upon reconsideration on February 4, 2014. (Tr. 24). Plaintiff's date last insured is December 31, 2012. (Tr. 25). Plaintiff requested an Administrative Hearing. On August 29, 2014, a hearing was held before Administrative Law Judge Hugh S. Atkins (the "ALJ") at which time Plaintiff, represented by counsel, a medical expert ("ME") and a vocational expert ("VE") appeared and testified. (Tr. 41-58). The ALJ issued an unfavorable decision to Plaintiff on October 15, 2014. (Tr. 18-20, 24-34). The Appeals Council denied Plaintiff's request for review on February 25, 2016. (Tr. 1-5). Therefore the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by relying upon the Grids at Step 5 and in her evaluation of the medical opinion evidence.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's Step 5 determination is supported by substantial evidence and must be affirmed.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606,

609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

**IV.    THE LAW**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R

§ 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a),(c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is

appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

      **1.**     **Pain**

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be

expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>  (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>  (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>  (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
>  (4) Treatment, other than medication, for relief of pain;
>
>  (5) Functional restrictions; and
>
>  (6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352

(11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

V.   **APPLICATION AND ANALYSIS**

   A.   **The ALJ's Decision**

The ALJ decided this case adverse to Plaintiff at Step 5. At Step 2, the ALJ found that Plaintiff's degenerative disc disease, obesity, depression, anxiety, PTSD and borderline personality disorder were "severe" impairments as defined by 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 27). The ALJ concluded at Step 3 that these impairments did not, either singly or in combination, meet or medically equal any of the Listings. Id. As to RFC, the ALJ determined that Plaintiff was able to perform a limited range of light work subject to several nonexertional limitations. (Tr. 29). At Step 4, the ALJ found that Plaintiff could not perform her past work as a picker/packer or assistant retail manager. (Tr. 32). However, at Step 5, the ALJ determined that Plaintiff's RFC required a finding of not disabled under the Grids. (Tr. 33).

   B.   **The ALJ's Reliance on the Grids Was Legal Error in This Case**

The ALJ concluded that Plaintiff had the RFC to perform a range of light work restricted by several limitations arising out of her physical and mental impairments. (Tr. 29). At Step 5, the ALJ applied the Grids to reach a finding of "not disabled." (Tr. 33). The ALJ determined that he could do so because Plaintiff's "additional [RFC] limitations have little or no effect on the occupational base of unskilled light work." Id. The ALJ provides no explanation of the basis for that conclusion and no citation to any supporting evidence or authority. Id. Although a VE was present at the

hearing, he was asked exclusively about Plaintiff's past work which the ALJ used as the basis for his Step 4 finding. (Tr. 56-58). The ALJ was not asked about the extent to which the limitations contained in Plaintiff's RFC eroded the occupational base of unskilled light work. Id. Accordingly, the issue presented is whether the ALJ committed error by relying upon the Grids at Step 5 under these circumstances.

Here, a finding of "not disabled" would be directed by Rule 202.18 of the Grids for a person of Plaintiff's age, education and work experience who could perform a full range of light work. However, Plaintiff cannot perform a full range of light work. Her RFC restricted her to only occasional stooping, crawling and climbing ropes/ladders/scaffolds; only frequent balancing, kneeling, crouching and climbing ramps/stairs; avoidance of concentrated exposure to the hazards of heights and machinery; understanding, carrying out and remembering only simple tasks; and only occasional interpersonal interaction with coworkers, supervisors and the general public. (Tr. 29).

The Commissioner bears the burden at Step 5 of identifying specific jobs in the national economy that Plaintiff is able to perform. If the applicant's limitations are exclusively exertional,[1] then the Commissioner can meet her burden through use of the Grids. Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001). The Grids are a matrix of an applicant's exertional capacity, age, education and work experience which may be used to reach a conclusion as to whether the applicant is or is not disabled. 20 C.F.R. pt. 404, subpt. P, App. 2. Here, it is undisputed that Plaintiff would not be considered disabled if she was able to perform a full range of light work pursuant to Rule 202.18 of

---

[1] Exertional demands of a job include sitting, standing, walking, lifting, carrying, pushing and pulling. 20 C.F.R. § 416.969a. Nonexertional demands of a job include maintaining attention and concentration, social functioning, understanding and remembering instructions, seeing and hearing, tolerance of work environments, performing manipulative or postural functions such as reaching, handling, stooping, climbing, crawling and crouching. Id.

the Grids.  Plaintiff is not, however, able to perform a full range of light work.  She is restricted by five particular nonexertional limitations arising out of her physical and mental impairments.  (See Tr. 29).  "An [ALJ] may not apply the Grids when a claimant's non-exertional limitations more than marginally erode the occupational base at the exertional level included in the claimant's RFC."  Garrity v. Colvin, No. 2:15-CV-309-DBH, 2016 WL 3092983, *4 (D.Me. May 13, 2016).[2]  "When the occupation base is not eroded, no vocational expert testimony is required."  Id.

Here, the ALJ summarily concluded that Plaintiff's various nonexertional impairments had "little or no effect on the occupational base of unskilled light work."  He did not offer any explanation as to the bases for that conclusion and cited only generally to Social Security Rulings 83-14 and 85-15.  (Tr. 33).  While those Social Security Rulings are generally relevant, neither specifically answers the question presented.  Both Rulings do, however, reflect that the issue is fact-specific and that "nonexertional impairments may or may not significantly narrow the range of work a person can do."  SSR 83-14.  They also provide that "[i]n more complex situations, the assistance of a vocational resource may be necessary."  Id.; see also SSR 85-15 ("in many cases, a decision maker will need to consult a vocational resource.").  In this case, a VE was present and testified at the hearing.  (Tr. 56-58).  The ALJ asked him only about Plaintiff's ability to perform her past relevant work.  The ALJ chose not to pose any Step 5 hypotheticals to the VE and did not ask the VE for his opinion as to the impact of Plaintiff's nonexertional limitations on the occupational base of unskilled light work.  He should have, given the complexity of Plaintiff's RFC.  Accordingly,

---

[2]  Defendant contends that Plaintiff's RFC did not "reasonably preclude the use of the Grids" and cites authorities involving one or more of Plaintiff's various nonexertional limitations.  See, e.g., Garrity, 2016 WL 3092983, *4 (use of the Grids permissible for claimant limited to occasional stooping and crouching and frequent climbing, balancing, kneeling and crawling).  Defendant does not, however, cite any authority supporting the position that use of the Grids was proper in a case involving the totality of the five nonexertional limitations contained in Plaintiff's RFC.  (ECF Doc. No. 12-1 at pp. 7-10).

there is not substantial evidence in the record to support the ALJ's exclusive reliance on the Grids in this case.[3]

## VI.   CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (Document No. 11) be GRANTED and that Defendant's Motion to Affirm (Document No. 12) be DENIED. Further, I recommend that Final Judgment enter in favor of Plaintiff remanding this matter for additional administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 8, 2017

---

[3] Because Plaintiff's primary Step 5 argument plainly warrants reversal and remand, it is unnecessary for the Court to invest the time and resources to address Plaintiff's alternative arguments regarding the ALJ's evaluation of the medical opinion evidence.